Marcel A. Quinn
Todd A. Hammer
HAMMER, QUINN & SHAW PLLC
100 Financial Drive, Suite 100
P.O. Box 7310
Kalispell, MT 59904-0310
Telephone:  (406) 755-2225
Facsimile:   (406) 755-5155
toddhammer@attorneysmontana.com
marcelquinn@attorneysmontana.com

*Attorneys for Defendant Officers Geissel,
Rouse, Lang and Muis*

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### MISSOULA DIVISION

| | |
|---|---|
| JENNIFER GRIFFIN, Personal Representative of the Estate of Michael Garwood,<br><br>              Plaintiff,<br>   v.<br><br>JOSHUA GEISSEL, SCOTT ROUSE, MITCHELL LANG, TIM MUIS and CITY OF MISSOULA,<br><br>              Defendants. | Case No:  9:21-CV-00083-DLC-KLD<br><br><br>BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS JOSHUA GEISSEL, SCOTT ROUSE, MITCHELL LANG, TIM MUIS |

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................... i

TABLE OF AUTHORITIES ..................................................................... ii

I.    INTRODUCTION ............................................................................1

II.   UNDISPUTED FACTS .....................................................................1

III.  ARGUMENT ...................................................................................2

1.  There Was Probable Cause To Arrest Plaintiff For Obstructing The Officers' Performance Of A Governmental Function And By Resisting Arrest  ...................................................................................................3

2.  Officer Land And Officer Muis Should Be Granted Summary Judgment. They Were Not Involved In Taking Garwood Down Or Handcuffing Him And Did Not Deprive Him Of Constitutional Rights ....................................6

3.  Plaintiff May Not "Double Up" Generalized Constitutional Claims Under The Explicit Textual Source Rule .................................................. 7

4.  The Officers Are Entitled to Immunity Under State Law For All Claims Asserted Against Them ............................................................... 10

5.  The Officers Are Also Entitled to Summary Judgment Based Upon Claims Arising From Detention of Plaintiff Based on Qualified Immunity  12

6.  The Officers Are Also Entitle to Summary Judgment Based Upon The Absence Of Any Expert and Any Testimony From an Expert ................... 13

VII.  CONCLUSION............................................................................... 15

VIII. CERTIFICATE OF COMPLIANCE..............................................17

i

## <u>TABLE OF AUTHORITIES</u>

### CASES

*Bassett v. Lamantia*, 391 Mont. 309, 417 P.3d 299 .................................... 13, 14, 15

*Blair v. D.C.*, 190 A.3d 212, 230 (D.C. 2018) ......................................................14

*Carter-Benson v. City of Great Falls*, No. CV-18-113-GF-BMM-JTJ (D. Mont.,
 Apr. 1, 2020) ..............................................................................................14

*Chaney v. Wadsworth* Cause No. CV 14-177-M-DWM-JCL, 2015 WL 5970482,
 (D. Mont. Oct. 13, 2015), *aff'd,* 700 F. App'x 591 (9th Cir. 2017). ....................5

*City & County of San Francisco v. Sheehan*, 135 S. Ct. 1765, 1774 (2015). .........12

*Dayberry v. City of East Helena,* 318 Mont. 301, 80 P.3d 1218 ............................13

*Dubiel v. Mont. Dept. of Transp.*, 364 Mont. 175, 272 P.3d 66 ...................... 13, 15

*Dulaney v. State Farm Fire & Casualty Co.*, 375 Mont.117, 324 P.3d 1211 .........13

*Germann v. Stephens,* 332 Mont. 303, 137 P.3d 545. ...........................................11

*Graham v. Connor,* 490 U.S. 386, 394-95 ...............................................................8

*Gregory v. State of Montana et. al.,* Cause No. CV-20-52-GF-BMM,. ...................8

*Griffith v. Butte School Dist. No. 1*, 358 Mont. 193, 244 P.3d 321, 335 (Mont. 2010)
 ......................................................................................................................11

*Headwaters Forest Defense v. County of Humboldt*, 240 F.3d 1185, 1206 (9th Cir.
 2001) .............................................................................................................12

*Howell v. Earl*, No. CV 13-48-BU-DWM-JCL 2014 U.S. Dist. LEXIS 82450 ..8, 9

*Hubbard v. Sheffield*, No. CV 12-36-M-JCL, 2013 WL 5437037 (D. Mont. Sept.
 27, 2013) .....................................................................................................8, 9

*Peschel v. City of Missoula* (D. Mont. 2009), 664 F. Supp. 2d 1149, 1160-61
 . ................................................................................... 3, 4, 7, 8, 9, 10

*Ramirez v. Butte-Silver Bow County,* 298 F.3d 1022, 1029 (9th Cir. 2002). ...........8

*Romans v. Lustin*, 2000 MT 84, 299 Mont. 182, 997 P.2d 114...............................13

*Root v. Mont. Dep't of Corr.,* No. CV 18-164-BLG-SPW-TJC (D. Mont. May 23, 2019), 2019 U.S. Dist. LEXIS 101809..................................................11

*State v. Eisenzimer*, 376 Mont. 157, 330 P.3d 1166..................................................4

*State v. Williamson,* 290 Mont. 321, 965 P.2d 231 (1998) ......................................4

*Todd v. Baker*, No. CV 10-127-M-DWM, 2012 WL 1999529 (D. Mont. June 4, 2012)..................................................................7

*United States v. Magallon-Lopez*, 817 F.3d 671, 675 (9th Cir. 2016) ...................4

*Wilson ex rel. Manzano v. City of Jersey City*, 1 A.3d 723, 740–41 (N.J. Super. Ct. App. Div. 2010) ...............................................14

## STATUTES

42 USC § 1983 ........................................................................... 1

Mont. Code Ann. § 2-9-305................................................... 10, 11, 12

Mont. Code Ann. § 45-5-210 ........................................................ 2

Mont. Code Ann. § 45-7-301 ............................................... 2, 3, 5, 6

Mont. Code Ann. § 45-7-302 ............................................... 2, 4, 5, 6

## RULES

Fed. R. Civ. P. 26(a)(2)(B) ........................................................ 14

COMES NOW Defendant Officers Joshua Geissel, Scott Rouse, Mitchell Lang, and Tim Muis (hereafter "the Officers") and submit the following brief in support of their Motion for Summary Judgment and their brief insofar as their joinder in the City of Missoula's Motion for Summary Judgment:

## I. <u>Introduction</u>

Plaintiff Jennifer Griffin on behalf of the Estate of Michael Garwood ("Plaintiff") asserts five counts against Officers Geissel, Rouse, Lang, and Muis and the City of Missoula.   Count One alleges individual liability against the Officers for excessive force, false arrest and false imprisonment under 42 USC § 1983 (Doc. 9 at 17); Count Two alleges <u>entity</u> liability under 42 USC § 1983 against the City of Missoula for violation of Constitutional rights (*Id.* at 19-20); Count Three alleges violation of Montana Constitutional Rights against all Defendants (*Id.* at 14); Count Four asserts common law negligence against all Defendants (*Id.* at 21); and Count Five alleges false assault and battery against the officers (*Id.* at 21). Summary judgment in favor of the Officers is appropriate on all counts.

## II. <u>Undisputed Facts</u>

Officers Geissel, Rouse, Lang, and Muis incorporate by reference the City's Statement of Undisputed Facts (Doc. 29).

1

### III. Argument

Officers Geissel, Rouse, Lang, and Muis incorporate by reference all of the arguments and authorities cited by the City of Missoula in its Brief in Support of its Motion for Summary Judgment. (Doc. 28).   Among other arguments, the Officers agree to the following:

- There were no Constitutional violations by the individual officers (Doc. 28 at 4);

- Garwood's arrest was supported by probable cause, and even if probable cause was lacking for one of the charges, other charges existed for at least one of the offenses which were charged (Doc. 28 at 5);

- Probable cause existed for the charges (Doc 28. at 6) because Garwood repeatedly refused officer commands, including not providing his hands when attempted to be handcuffed, fleeing, and physically injuring Officer Rouse (*Id.);*

- § 45-7-302(1), MCA, § 45-5-210, MCA, §45-7-301(1), MCA, and §45-7-302(2), MCA were violated for the reasons set forth in the City's Brief (Doc. 28 at 5-6);

- The District Court granted leave to file the charge of assault on an officer, and thus presumptive evidence, and in fact undisputed evidence, supported the existence of probable cause to arrest and charge him (Doc 28 at 6);

- Garwood undisputedly did not follow the Officers' commands, and

instead, Garwood attempted to run and flee, giving the Officers no choice but to take him to the ground (Doc. 28 at 9) and then dealing with Garwood's continued refusal to provide his hands and/or be handcuffed (Doc. 28 at 10);

- The actions recorded on video clearly show Garwood's attempt to flee, and his subsequent resistance and unwillingness to cooperate, all of which are violative of § 45-7-301(1), MCA;

- The prosecution of Garwood was not malicious; it was rather supported by probable cause, particularly given his resistance and refusal to follow the Officers' commands, as shown and displayed by video (Doc. 28 at 11);

- Garwood's state Constitution rights claims and his claims for negligence and assault and battery, fail for the reasons expressed by the City (Doc. 28 at 16-20).

The Officers make the additional following arguments in support of their Motion for Summary Judgment:

## 1.   <u>There Was Probable Cause To Arrest Plaintiff For Obstructing The Officers' Performance Of A Governmental Function And By Resisting Arrest.</u>

"Probable cause to arrest is established if the facts and circumstances within an officer's personal knowledge, or related to the officer by a reliable source, are sufficient to warrant a reasonable person to believe that someone is committing or has committed an offense…" *Peschel v. City of Missoula* (D. Mont. 2009), 664 F.

Supp. 2d 1149, 1160-61 *quoting State v. Williamson,* 1998 MT 199, ¶ 12, 290 Mont. 321, 965 P.2d 231 (1998).   "[I]f the facts support probable cause to arrest for one offense, the arrest is lawful even if the officer invoked, as the basis for the arrest, a different offense as to which probable cause was lacking." *United States v. Magallon-Lopez*, 817 F.3d 671, 675 (9th Cir. 2016) (emphasis added).

The offense of obstructing a peace officer is defined under Montana law. "(1) A person commits the offense of obstructing a peace officer or public servant if the person knowingly obstructs, impairs, or hinders the enforcement of the criminal law, the preservation of the peace, or the performance of a governmental function, including service of process."   § 45-7-302(1), M.C.A.   A person that engages in conduct with the awareness it is highly probable that their conduct will impede the performance of a peace officer's lawful duty is guilty of obstructing a peace officer.   *State v. Eisenzimer*, 2014 MT 208, ¶ 7, 376 Mont. 157, 330 P.3d 1166.

In *Peschel v. City of Missoula*, 664 F.Supp.2d 1149, 1162 (D. Mont. 2009), the United States District Court for the District of Montana held officers had probable cause to arrest the plaintiff for obstructing a peace officer after he conceded he failed to comply with officers' repeated requests that he move away from a vehicle.   686 F.Supp.2d 1107, 1119 (D. Mont. 2009).   The Court noted the

officers had the lawful authority to secure the scene and preserve the peace, and plaintiff impeded their ability to do so. *Id.* at 1120.

In *Chaney v. Wadsworth*, the United States District Court for the District of Montana also held that officers had probable cause to arrest a plaintiff for obstructing a peace officer after he had yelled at the officers and threatened them while they attempted to investigate and assess what had occurred during a reported fight. *Chaney v. Wadsworth,* Cause No. CV 14-177-M-DWM-JCL, 2015 WL 5970482, at **4, 8 (D. Mont. Oct. 13, 2015), *aff'd,* 700 F. App'x 591 (9th Cir. 2017).

Under § 45-7-301(1), MCA, "a person resists arrest if he presents or attempts to prevent an officer from effecting an arrest by using or threatening to use physical force against the officer or by using other means that create a risk of causing physical injury to the officer." It is no defense the arrest is unlawful if the officer acted under color of the police officer's official authority. § 45-7-301(2), MCA. It is undisputed the Officers were acting within the scope and course of their employment and under color of law. (Doc. 9 at 17, ¶64; Doc. 13 at 1; Doc. 29 at ¶3).

Here, there was probable cause to believe Garwood violated M.C.A. § 45-7-302(1) by obstructing, impairing, or hindering the Officers' investigation and by resisting arrest under § 45-7-301(2), MCA. Garwood attempted to flee from the

officers, and then when he was taken down, he refused to obey the Officers' commands to provide his hands so he could be handcuffed. (Doc. 29 at 20, 21, and 22.) In the videos of the events, which are referenced at Doc. 29 at 9, Exhibits E and F, Plaintiff is seen getting off his motorcycle at which point he then attempts to quickly flee the Officers. Officers Geissel and Rouse grab him and struggle with Garwood in trying to get him to the ground so they can stop his attempt to evade them such that they can continue their investigation. Ultimately, the officers successfully get him to the ground whereupon they attempt to handcuff him. Plaintiff, however, resists the attempt to be handcuffed, and he does not give his hands to the Officers as repeatedly commanded to do so.

Under the undisputed facts, as shown and demonstrated by the videos, there was probable cause for the Officers to believe Plaintiff obstructed a peace officer in the performance of his lawful duties in violation of § 45-7-302(1), M.C.A., and there was reasonable cause to believe he resisted arrest under § 45-7-301(2), MCA.

Accordingly, summary judgment should be granted to the Officers.

**2.      Officer Lang And Officer Muis Should Be Granted Summary Judgment. They Were Not Involved In Taking Garwood Down Or Handcuffing Him And Did Not Deprive Him Of Constitutional Rights.**

Officers Lang and Muis should not be a part of this case. It is undisputed neither Officer Lang nor Officer Muis were involved in taking Garwood down, reacting to his resistance, or handcuffing him. Only Officer Geissel and Officer

Rouse were involved in these circumstances. (Doc. 29 at 21, 22, 23, 23, 24, 25). Accordingly, Officers Lang and Muis are not liable for assault and battery as pleaded in Count Five, negligence as pleaded in Count Four, alleged violation of State Constitutional rights in Count Three relating to privacy, search and seizure, due process and a right of recourse, and violations of U.S. Constitutional rights regarding use of force, wrongful arrest, or violations of Fourth or Fourteenth Amendment.

## 3.   Plaintiff May Not "Double Up" Generalized Constitutional Claims Under the Explicit Textual Source Rule.

Summary judgment is also warranted regarding Garwood's Constitutional claims pursuant to the "explicit textual source" rule.  The explicit textual source rule "prohibits a plaintiff from 'doubling up' multiple constitutional claims stemming from a single tortious act." *Peschel v. City of Missoula* (D. Mont. 2009), 664 F. Supp. 2d 1149, 1162.   For example, in *Peschel*, the Court held that a Plaintiff whose claims were based on an alleged unreasonable seizure under Article II, Section 11, could not "double up" by asserting additional claims under the Montana constitution for alleged cruel and unusual punishment or the right to human dignity.  *Id.*

A reasonable suspicion and probable cause analysis under the Montana Constitution is essentially the same as that under the Fourth Amendment.  *Todd v. Baker*, No. CV 10-127-M-DWM, 2012 WL 1999529, at *8 (D. Mont. June 4,

2012).  A seizure that is supported by probable cause is not a violation of Article II, Section 11 of the Montana Constitution.   *Hubbard v. Sheffield*, No. CV 12-36-M-JCL, 2013 WL 5437037, at \*\*14–15 (D. Mont. Sept. 27, 2013).   Montana's privacy clause is also not violated by a seizure that is supported by probable cause. *Peschel*, 664 F.Supp.2d at 1163; *Todd*, 2012 WL 1999529, at \*8.

"Where a claim can be analyzed under 'an explicit textual source' of rights in the Constitution, a court may not also assess the claim under another, 'more generalized,' source." *Id. citing Ramirez v. Butte-Silver Bow County,* 298 F.3d 1022, 1029 (9th Cir. 2002) (quoting *Graham v. Connor,* 490 U.S. 386, 394-95).

Although the Montana Supreme Court has not addressed whether to adopt the explicit textual source rule, "[b]ecause the Montana Supreme Court looks to federal constitutional jurisprudence in analyzing claims under the Montana Constitution, [the Montana federal district court] predicts it would adopt the explicit textual source rule." *Howell v. Earl*, 2014 U.S. Dist. LEXIS 82450 at \*44; *see also Peschel*, 664 F. Supp. 2d at 1161-62.

In fact, this has been the approach of at least one U.S. District Court in Montana.  *Gregory v. State of Montana et. al.,* Cause No. CV-20-52-GF-BMM, Doc. 87 at 7.  In *Gregory,* Judge Morris agreed with *Howell* the Montana Supreme Court would adopt the explicit textual source rule.   Judge Morris held:

> *Peschel* proves instructive in determining how the explicit textual source rule applies to Gregory's claims. In *Peschel*, police officers from the City of

Missoula arrested the plaintiff for misdemeanor obstruction after a stand-off in which the plaintiff attempted to assist a tenant of an apartment that he owned who appeared to be having a psychotic episode. *Peschel*, 664 F.Supp.2d, at 1157-58. The plaintiff refused to comply with the officers' commands to step back. The officers eventually took the plaintiff to the ground when they arrested him after the tenant lost consciousness. *Id.* The plaintiff alleged constitutional claims of cruel and unusual punishment and excessive force. The Court dismissed the plaintiff's claim for cruel and unusual punishment due to the availability for relief under the more explicit textual source related to excessive force. *Id.*, at 1162.

This same rationale applies here to Gregory's claims for violation of the more generalized Montana constitutional provisions. As a result, like in *Peschel* and *Howell*, dismissal of Plaintiff's Montana constitutional claims in Count IV for violations of privacy and due process would be appropriate. The Court grants summary judgment to the City on Gregory's claims in Count IV of her Amended Complaint for alleged violations of the Montana Constitution's right to privacy and right to due process.

This is consistent with the approach taken in other case.[1]

Here, Garwood's suit is similarly grounded on "doubled up" claims as well. Garwood's federal and state constitutional claims for violation of due process and right to privacy are subject to dismissal under the explicit textual source rule. *See Peschel*, 664 F.Supp.2d at1162; *Hubbard*, 2013 WL 5437037, at *16.

Regardless, the presence of probable cause to believe that Plaintiff obstructed a peace officer, committed disorderly conduct, and/or assaulted a peace

---

[1] Applying the explicit textual source rule, the Court in *Peschel* dismissed a claim for cruel and unusual punishment, where excessive force applied. *Id.* Likewise, in *Howell*, the Court dismissed constitutional claims for alleged violations of due process. *Howell v. Earl* No. CV 13-48-BU-DWM-JCL, 2014 U.S. Dist. LEXIS 82450, at *44 (D. Mont. May 30, 2014).

officer bars Garwood's claims for an alleged unreasonable seizure. *See Peschel*, 664 F.Supp.2d at 1163; *Todd*, 2012 WL 1999529, at *8.

The Officers should be entitled to summary judgment regarding Garwood's claims under the Montana Constitution, including but not limited to the claim for excessive force.

**4.**     **The Officers Are Entitled To Immunity Under State Law For All Claims Asserted Against Them.**

It is further submitted the Officers are entitled to immunity under § 2-9-305, MCA, which states as follows:

> **2-9-305. Immunization, defense, and indemnification of employees**
>
> (1) It is the purpose of this section to provide for the immunization, defense, and indemnification of public officers and employees civilly sued for their actions taken within the course and scope of their employment.
>
> (2) In any noncriminal action brought against any employee of a state, county, city, town, or other governmental entity for a negligent act, error, or omission, including alleged violations of civil rights pursuant to 42 U.S.C. 1983, or other actionable conduct of the employee committed while acting within the course and scope of the employee's office or employment, the governmental entity employer, except as provided in subsection (6), shall defend the action on behalf of the employee and indemnify the employee.

(Underlining added).

This statute grants immunity to City employees acting within the scope and course of their employment.

It is undisputed the Officers were acting within the scope and course of their employment in this case.  (Doc. 9 at 17, ¶64; Doc. 13 at 1; Doc. 29 at ¶3).  The Montana Supreme Court has confirmed that § 2-9-305(5) provides immunity regarding claims against individual employees for actions that are performed within their scope of their employment when a suit against the government entity arises out of the same subject matter.  *Root v. Mont. Dep't of Corr.* No. CV 18-164-BLG-SPW-TJC (D. Mont. May 23, 2019), 2019 U.S. Dist. LEXIS 101809, at *10 citing *Griffith v. Butte School Dist. No. 1*, 2010 MT 246, 358 Mont. 193, 244 P.3d 321, 335 (Mont. 2010).

This statutory immunity extends to federal §1983 claims as well.  In *Germann v. Stephens,* 2006 MT 130, ¶¶ 54-55, 332 Mont. 303, ¶¶ 54-55, 137 P.3d 545, ¶¶ 54-55, the Court held § 2-9-305(5) MCA affords immunity for §1983 claims as long as the government entity remains a viable defendant for the same course of conduct.  The Court stated:

> The main objective of § 1983 serves to ensure that individuals who have suffered a deprivation of their constitutional or statutory rights are afforded relief through damages or injunctive relief. *Felder*, 487 U.S. at 139, 108 S. Ct. at 2307.  Our analysis of the applicability of §2-9-305(5), MCA, to Germann's federal claims must be taken in light of this objective.
>
> … Affording immunity from Germann's federal claims to the Council Member's under § 2-9-305(5), MCA would not thwart the objectives of §1983.

*Id.* Pursuant to the plain language of § 2-9-305, MCA and the Court's holding in

*Germann*, the Officers are entitled to summary judgment.

**5.   The Officers Are Also Entitled To Summary Judgment Based Upon Claims Arising From Detention Of Plaintiff Based On Qualified Immunity.**

Qualified immunity protects all but the plainly incompetent or those

who knowingly violate the law. *Headwaters Forest Defense v. County of*

*Humboldt*, 240 F.3d 1185, 1206 (9th Cir. 2001), *vacated*, 534 U.S. 801

(2001), *aff'd on remand*, 276 F.3d 1125 (9th Cir. 2002). The Supreme Court

describes qualified immunity as follows:

> Public officials are immune from suit under 42 USC §1983 unless they have "violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." An officer "cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in [his] shoes would have understood that he was violating it," ibid., meaning that "existing precedent … placed the statutory or constitutional question beyond debate." This exacting standard "gives government officials breathing room to make reasonable but mistaken judgments" by "protect[ing] all but the plainly incompetent or those who knowingly violate the law."

*City & County of San Francisco v. Sheehan*, 135 S. Ct. 1765, 1774 (2015).

Here, it cannot be said the Officers were either incompetent or knowingly

violated the law, particularly under the facts presented.  Under the undisputed facts

of the case, where Garwood attempted to flee the officers and they took him down

to the ground, and where Garwood continued to resist their efforts to handcuff him,

their conduct did not violate "clearly established" laws which a reasonable officer. They are therefore entitled to qualified immunity on the Constitutional claims.

**6.      The Officers Are Also Entitled To Summary Judgment Based Upon The Absence Of Any Expert And Any Testimony From An Expert.**

The Montana Supreme Court has long held that testimony establishing the standard of care and a breach of that standard must be presented by a qualified expert where the issues are beyond the common experience of the jury.  *E.g.*, *Dayberry v. City of East Helena,* 2003 MT 321, ¶ 17, 318 Mont. 301, 80 P.3d 1218.

This requirement has been applied in negligence actions brought against defendants from a wide range of professions and industries in which individuals undertake work calling for special skills and knowledge.  *Dubiel v. Mont. Dept. of Transp.*, 2012 MT 35, ¶¶ 15-18, 364 Mont. 175, 272 P.3d 66 (highway management); *Dayberry*, ¶ 32 (operator of swimming pool); *Id*. at ¶ 31-32 (designers of swimming pools); *Dulaney v. State Farm Fire & Casualty Co*., 2014 MT 127, ¶ 17, 375 Mont.117, 324 P.3d 1211 (insurance agent); *Romans v. Lustin*, 2000 MT 84, ¶ 18, 299 Mont. 182, 997 P.2d 114 (physical therapist).

The Montana Supreme Court has said that police practices are "beyond the common experience and knowledge of ordinary citizens" and stated that the standard of care for police officers is that of "a reasonable officer with similar skill, training, and experience under the same or similar circumstances."  *Bassett v.*

*Lamantia*, 2018 MT 119, ¶¶ 28–30, 391 Mont. 309, 417 P.3d 299. United States Magistrate Judge Johnston recently dismissed a plaintiff's claims alleging that the City of Great Falls had negligently trained its officers due to the plaintiff's failure to disclose an expert about the kind of training that should have been provided. Transcript of Show Cause Hearing at 10:8–16, *Carter-Benson v. City of Great Falls*, No. CV-18-113-GF-BMM-JTJ (D. Mont., Apr. 1, 2020).

Other courts have similarly held that expert testimony is required in claims of negligent training of police personnel.  *Blair v. D.C.*, 190 A.3d 212, 230 (D.C. 2018) ("[W]e can find no basis for upsetting the trial court's determination that expert testimony was required because the activities at issue here—training, supervision, and retention of police officers—are not within the common, everyday experiences of laypersons."); *Wilson ex rel. Manzano v. City of Jersey City*, 1 A.3d 723, 740–41 (N.J. Super. Ct. App. Div. 2010), *overruled on other grounds by*, 39 A.3d 177 (N.J. 2012) (affirming dismissal of claims for negligent training, supervision or retention of 911 operators when plaintiff failed to present expert testimony to establish the standard of care).

Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure requires retained experts to provide a written report that includes "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming them."

14

Here, Plaintiff has not retained any expert, and there are no expert disclosures that were made or given by the expert deadline.  This is true for all Counts against the Officers—Count One, Count Three, Count Four and Count Five and applies to the gamut of Plaintiff's asserted claims.  It includes but is not limited to negligence use of excessive force, negligent training, negligence supervisions, negligent enactment, enforcement, negligent violation of Constitutional rights and negligent performance of official duties.  (Doc. 1 at 86; Doc. 9 at 85).  Plaintiff has utterly failed to produce any expert opinion there was negligent acts or omissions, any excessive force, or any violation of Constitutional rights.  Police practices are "beyond the common experience and knowledge of ordinary citizens" and, thus, Plaintiff is required to present expert testimony. *Bassett*, ¶¶ 28–30; *Dubiel*, ¶ 18.  Accordingly, summary judgment is appropriate.

## **CONCLUSION**

Officers Geissel, Rouse, Lang and Muis should be granted summary judgment in this case.

15

Dated this 2nd day of June, 2022.

HAMMER, QUINN & SHAW, PLLC

/s/ Todd A. Hammer _____
Todd A. Hammer
Marcel A. Quinn
PO Box 7310
Kalispell, MT 59904-0310

*Attorneys for Defendant Officers Geissel,
Rouse, Lang and Muis*

16

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Rule 7.1 (d)(2)(E), Local Rules of the United States District Court, District of Montana, I hereby certify that the textual portion of the foregoing brief uses a proportionally spaced Times New Roman typeface of 14 points, is double-spaced, and contains approximately 3,571 words, excluding the parts of the brief exempted by L.R. 7.1(d)(2)(E).

Dated this 2nd day of June, 2022.

HAMMER, QUINN & SHAW, PLLC

/s/ Todd A. Hammer_____
Todd A. Hammer
Marcel A. Quinn
PO Box 7310
Kalispell, MT 59904-0310

*Attorneys for Defendant Officers Geissel, Rouse, Lang and Muis*